1  DARREN T. BRENNER, ESQ.
   Nevada Bar No. 8386
2  NATALIE L. WINSLOW, ESQ.
   Nevada Bar No. 12125
3  AKERMAN LLP
   1635 Village Center Circle, Suite 200
4  Las Vegas, NV 89134
   Telephone:  (702) 634-5000
5  Facsimile:  (702) 380-8572
   Email:  darren.brenner@akerman.com
6  Email:  natalie.winslow@akerman.com

7  *Attorneys for Bayview Loan Servicing, LLC
   and Federal Home Loan Mortgage
8  Corporation*

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11

12  BAYVIEW LOAN SERVICING, LLC and        Case No.: 2:17-cv-00452-GMN-CWH
    FEDERAL HOME LOAN MORTGAGE
    CORPORATION,

13                                          **STIPULATION TO STAY ALL
                                            DISCOVERY AND DISPOSITIVE**
14                    Plaintiff,            **MOTION DEADLINE PENDING
    v.                                      RESOLUTION OF PLAINTIFFS'**
15                                          **MOTION TO DISMISS, ECF NO. 45**
    RYAN P. WILLIAMS; HOLLY J. HARRISON;
16  INDEPENDENCE              HOMEOWNERS
    ASSOCIATION;        TERRA        WEST
17  COLLECTIONS    GROUP,   LLC   D/B/A
    ASSESSMENT MANAGEMENT SERVICES;
18  SFR INVESTMENTS POOL 1, LLC; DOE
    INDIVIDUALS  I-X,  inclusive,  and  ROE
19  CORPORATIONS I-X, inclusive,

20                    Defendants.

21  …

22  …

23  …

24  …

25  …

26  …

27  …

28  …

                              1

44017575;1

**AKERMAN LLP**
1635 VILLAGE CENTER CIRLCE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    Bayview Loan Servicing, LLC, Federal Home Loan Mortgage Corporation (**Freddie Mac**),

2   Independence Homeowners' Association (**HOA**), and SFR Investments Pool 1, LLC stipulate and agree

3   to stay all remaining discovery and dispositive motion deadlines pending adjudication of Bayview and

4   Freddie Mac's motion to dismiss, ECF No. 45.

5   **I.      Procedural Background**

6    On February 10, 2017, Bayview and Freddie Mac filed its original complaint against defendants,

7   seeking, *inter alia*, a declaratory judgment that the HOA's foreclosure sale did not extinguish the deed

8   of trust. ECF No. 1. Freddie Mac, amongst others, also filed an amended complaint in case no. 2:15-

9   cv-02381-GMN-VCF against SFR on June 6, 2016, alleging that the deed of trust was not extinguished

10  as a result of the HOA foreclosure sale. On January 31, 2018, Bayview and Freddie Mac moved to

11  dismiss the current litigation. ECF No. 45.

12   In the interests of judicial economy, the parties respectfully request all discovery and the

13  dispositive motion deadline be stayed until the Court resolves the pending motion to dismiss. A ruling

14  on the pending motion may obviate the need for further discovery in this case.

15  **II.     Discovery Status**

16   Discovery closes in this matter on March 7, 2018, and dispositive motions are due by April 6,

17  2018. ECF No. 32. Bayview and Freddie Mac have served initial and supplemental disclosures; the

18  HOA has served initial disclosures; and SFR has served initial and supplemental disclosures. Bayview

19  served interrogatories, requests for production, and requests for admission on the HOA and SFR on May

20  10, 2017, and the HOA and SFR answered that written discovery.

21   SFR recently noticed the depositions of Bayview and Freddie Mac. The parties anticipate a

22  dispute concerning the topics and location of the deposition, and anticipate that a motion for protective

23  order may be filed if a stay is not entered. Bayview recently noticed the deposition of Assessment

24  Management Services, the HOA, and SFR. SFR recently served interrogatories, requests for production,

25  and requests for admission on Bayview and Freddie Mac, and the responses to the written discovery

26  remain pending.

27

28

44017575;1

**AKERMAN LLP**
1635 VILLAGE CENTER CIRLCE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    **III.    The Case should be Stayed Pending Decision on the Motion to Dismiss**

2         **A.    *Tradebay* Factors**

3         "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion

4    is pending, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs

5    that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive

6    determination of every action.'" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). This

7    principle has guided the District of Nevada to develop a three-part test governing discovery stays. "First,

8    the pending motion must be potentially dispositive of the entire case or at least the issue on which

9    discovery is sought." *Rosenstein v. Clark Cty. Sch. Dist.*, No. 2:13-CV-1443-JCM-VCF, 2014 WL

10   2835074, at *3 (D. Nev. June 23, 2014) (citing *Tradebay*, 278 F.R.D. at 600). "Second, the court must

11   determine whether the pending motion to dismiss can be decided without additional discovery." *Id.*

12   (citing *Tradebay*, 278 F.R.D. at 600). Finally, "the court must take a 'preliminary peek' at the merits of

13   the pending dispositive motion to assess whether a stay is warranted." *Id.* (quoting *Tradebay*, 278 F.R.D.

14   at 603).

15        First, Bayview and Freddie Mac's pending motion to dismiss is potentially dispositive of the

16   entire case because if the motion is granted, this case is concluded. Second, Bayview and Freddie Mac's

17   motion to dismiss can be decided without additional discovery. The only issue raised by the motion is

18   whether this litigation should proceed in light of the litigation filed by Freddie Mac against SFR in case

19   no. 2:15-cv-02381-GMN-VCF. No discovery will impact the outcome of the motion. Third, a

20   "preliminary peek" at the motion shows that, on its merits, if granted it will fully resolve this matter.

21        **B.    Other Factors**

22        Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,*

23   863 F.2d 681,685 (9th Cir. 1988). To determine if a stay is appropriate, the court considers (**1**) damage

24   from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly

25   course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th

26   Cir. 2007) (setting forth factors). Here, the factors support a stay of discovery pending resolution of the

27   motion to dismiss.

28        First, any damage from a partial stay in this case will be minimal if balanced against the

44017575;1

1  potentially unnecessary fees, costs, and time which each party would have to incur in completing

2  discovery, including travel and preparation for the above identified depositions and any related disputes.

3  Moreover, the Court will be relieved of expending further time and effort considering any discovery-

4  related motions or protective orders.  Thus, a stay will benefit all parties involved as well as the Court.

5  Lastly, judicial economy and the orderly course of justice support staying further discovery. Bayview

6  and Freddie Mac's motion, if granted, will result in the resolution of the entire case. Without a stay of

7  discovery, the parties will expend resources that will be unnecessary if the motion is granted.  It is

8  therefore appropriate for this court to exercise its power to grant a stay of discovery at this time.  A trial

9  date has not yet been set.

10  WHEREFORE, the parties respectfully request the Court issue an order staying discovery and

11  future deadlines pending adjudication of Bayview and Freddie Mac's motion to dismiss.

12  DATED this 8th day of February, 2018.

13  **AKERMAN LLP**                                      **KIM GILBERT EBRON**

14  */s/ Natlie L. Winslow*_____           */S/ DIANA S. EBRON*_____
    DARREN T. BRENNER, ESQ.                   DIANA S. EBRON, ESQ.
15  Nevada Bar No. 8386                        Nevada Bar No. 10580
    NATALIE L. WINSLOW, ESQ.                   JACQUELINE A. GILBERT, ESQ.
16  Nevada Bar No. 12125                       Nevada Bar No. 10593
    1635 Village Center Circle, Suite 200      KAREN L. HANKS, ESQ.
17  Las Vegas, Nevada 89134                    Nevada Bar No. 9578
                                               7625 Dean Martin Drive, Suite 110
18  *Attorneys for Plaintiffs Bayview Loan*    Las Vegas, Nevada 89139
    *Servicing, LLC and Federal Home Loan*
19  *Mortgage Corporation*                     *Attorneys for SFR Investments Pool 1, LLC*

20

21  **LEACH JOHNSON SONG & GRUCHOW**

22  */s/ Timothy C. Pittsenbarger*_____
    SEAN L. ANDERSON, ESQ.
23  Nevada Bar No. 7259
    TIMOTHY C. PITTSENBARGER, ESQ.
24  Nevada Bar No. 13740
    8945 West Russell Road, Suite 330
25  Las Vegas, Nevada 89148

26  *Attorneys for Independence Homeowners*
    *Association*
27

28

4

44017575;1

IT IS SO ORDERED.  IT IS FURTHER ORDERED that if the motion to dismiss is denied, the parties must meet and confer and file a revised discovery plan within 21 days of the court's order on the motion to dismiss.

_____

**UNITED STATES MAGISTRATE JUDGE**

February 9, 2018
DATED**:** _____

**AKERMAN LLP**
1635 VILLAGE CENTER CIRLCE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

5

44017575;1